UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
**LAURA TUMINELLO,**     2:16-cv-3687

        **Plaintiff,**     **COMPLAINT**

      -against-

**OCWEN LOAN SERVICING, LLC,
SENECA MORTAGE SERVICING, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC, and
TRANS UNION LLC,**

        **Defendants.**
-------------------------------------------------------------------x

The plaintiff LAURA TUMINELLO, by her attorneys Mallon Consumer Law Group PLLC, brings this action against defendants OCWEN LOAN SERVICING, LLC; SENECA MORTGAGE SERVICING, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANS UNION LLC and alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages and statutory attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA"), New York General Business Law § 380 *et seq.* (the "New York Fair Credit Reporting Act" or "NY FCRA"), and 15 U.S.C. § 1692, *et seq.* ("Fair Debt Collections Practices Act" or "FDCPA").

2. The plaintiff became a victim of identity theft and fraud when two individuals forged her signature on mortgage documents for two homes and therefore defaulted on both of those loans. The negative information of the defaulted mortgaged thereafter appeared on plaintiff's credit

reports. Plaintiff repeatedly disputed the reporting of these fraudulently opened accounts to the credit reporting agencies, supplying proof that the accounts were fraudulent. The defendants refused to properly investigate the plaintiff's disputes and refused to remove the fraudulent mortgages from her credit reports, causing the plaintiff serious harm, including being denied several mortgages on homes she wished to purchase.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. The plaintiff is an individual residing in the Sea Cliff, NY and is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)].

5. Defendant Ocwen Loan Servicing, LLC, ("Ocwen") is a mortgage servicer headquartered in West Palm Beach, Florida.

6. Defendant Seneca Mortgage Servicing, LLC ("Seneca") is a mortgage servicer based in Elma, New York. Seneca purchased AMS S Servicing, Inc. in or around June 2014.

7. Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and the NY FCRA [NY GBL § 380-a(e)].

8. Defendant Equifax Information Services LLC ("Equifax") is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and the NY FCRA

[NY GBL § 380-a(e)].

9. Defendant Trans Union LLC ("Trans Union") is a Delaware corporation, duly authorized and qualified to do business in the State of New York and a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)] and the NY FCRA [NY GBL § 380-a(e)].

## FACTUAL BACKGROUND

10. In 2008 Plaintiff Laura Tuminello (then named Laura Kesten) desired to purchase two residential investment properties with her now ex-husband. She and her ex-husband retained two real estate attorneys – Dustin Dente and Brandon Lisi - to assist them in the process.

11. Instead of assisting the plaintiff and her ex-husband in purchasing their desired rental properties, the subject attorneys instead forged the plaintiff and her ex-husband's signatures on mortgage documents without their knowledge or consent.

12. After forging plaintiff's signatures on the subject mortgage documents, attorneys Dente and Lisi then took control of the properties, and ultimately defaulted on the mortgages.

13. This was part of a larger fraudulent scheme perpetrated by attorneys Denti and Lisi, with numerous other victims in addition to the plaintiff and her ex-husband.

14. Attorneys Dente and Lisi were both charged with numerous violation of federal law in the Southern District of New York, and both ultimately plead guilty to those charges, which included charges for fraudulently using plaintiff's name and identifying information to obtain a mortgage without her consent.

15. Despite knowledge that the mortgages were fraudulently obtained, defendants Ocwen and Seneca (dba AMS Servicing) continued to report the delinquent mortgages as belonging to the plaintiff to the credit reporting defendants, thus destroying plaintiff's otherwise good credit.

16. In the two years prior to the filing of this complaint the plaintiff repeatedly disputed the

subject Ocwen and Seneca mortgage accounts to defendants Trans Union, Equifax and Experian, and included supporting documentation to prove that the mortgages were obtained fraudulently and did not legally belong to them.

17. Defendant Trans Union, Experian and Equifax notified Defendants Ocwen and Seneca of the plaintiff's dispute shortly thereafter. Each of the defendants failed to conduct a reasonable investigation of the plaintiff's dispute as required by law, and refused to remove the fraudulent accounts from the plaintiff's credit reports.

18. In or around April 2015 the plaintiff attempted to obtain a copy of her credit report from Experian online to see if the fraudulent accounts remained on her report. Experian refused to provide plaintiff a copy of her report and thus prevented her from further disputing the inaccurate information on her Experian report.

19. As a direct and proximate result of the defendants' actions, conduct, and omissions, the plaintiff suffered actual damage including, but not limited to, denial of credit (including a mortgage), damage to her reputation, emotional distress, aggravation, wasted time, and frustration.

**AS AND FOR A FIRST CAUSE OF ACTION**
VIOLATION OF THE 15 USC § 1681s-2(b)
AGAINST ALL DEFENDANTS

20. The plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

21. Experian, Equifax, and Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in 15 U.S.C. § 1681a(d).

22. Such reports falsely stated that the plaintiff had delinquent mortgage accounts with Ocwen and Seneca. Experian, Equifax, and Trans Union knew, or should have known, that the reports contained erroneous information.

23. Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the plaintiffs or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b).

24. Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the plaintiff's disputes of the fraudulent accounts and failing to consider all relevant information regarding the dispute provided by the plaintiff.

25. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to review and consider all relevant information submitted by the plaintiff regarding his dispute in violation of 15 U.S.C. § 1681i(a)(4).

26. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed derogatory information from the plaintiff's file after failing to verify the completeness and accuracy of that information.

27. Defendant Experian willfully (or, in the alternative, negligently) violated 15 USC § 1681g(a) by refusing to provide her a copy of her consumer file maintained by Experian.

28. Defendants Ocwen and Seneca willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations of the plaintiff's disputes and by failing to review all relevant information regarding the dispute.

29. Defendants Ocwen and Seneca further failed to review all relevant information regarding the dispute while conducting its investigation in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

30. Experian, Equifax, and Trans Union each published credit reports regarding the plaintiff on multiple occasions containing negative and inaccurate information after the plaintiff disputed the information. The inaccurate reports caused the plaintiff economic harm via credit denials, limiting her opportunities for credit, damaging her reputation, and causing her emotional distress.

31. Defendants are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

**AS AND FOR A SECOND CAUSE OF ACTION**
VIOLATION OF THE NY FCRA
AGAINST EXPERIAN, EQUIFAX, AND TRANS UNION

32. Defendants Experian, Equifax, and Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the plaintiff, as that term is defined in NY GBL § 380-a(c)(1).

33. Such reports erroneously contained fraudulent, delinquent accounts that did not belong to the plaintiff. Defendants knew, or should have known, that the reports contained erroneous information in violation of NY GBL § 380-j(a)(3).

34. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) failed to maintain reasonable procedures designed to assure maximum possible accuracy of their reports, in violation of NY GBL 380-j(e).

35. Defendants Experian, Equifax, and Trans Union willfully (or, in the alternative, negligently) violated NY GBL § 380-f by failing to conduct a reasonable reinvestigation of the

plaintiff's disputes of the fraudulent accounts.

36. Defendants Experian, Equifax, and Trans Union published credit reports regarding the plaintiff on multiple occasions which erroneously contained fraudulent and delinquent accounts that did not belong to the plaintiff, causing the plaintiff economic harm via credit denials, limiting her opportunities for credit, and damaging plaintiff's reputation and causing her emotional distress.

37. Defendants Experian, Equifax, and Trans Union are thus liable to the plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees pursuant to NY GBL §§ 380-l and 380-m.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Respectfully submitted,

Dated: 6/28/16

Kevin C. Mallon
MALLON CONSUMER LAW GROUP PLLC
One Liberty Plaza, Suite 2301
New York, NY 10006
(646) 759-3663
Attorneys for the Plaintiff