IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA TUMINELLO,<br><br>   Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, SENECA MORTGAGE SERVICING, LLC, EXPERIAN INFORMATION SOLUTIONS, EQUIFAX INFORMATION SERVICES, LLC; and TRANS UNION LLC,<br><br>   Defendants. | Civil Action No. 2:16-cv-3687 (DRH)(AYS) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## SENECA MORTGAGE SERVICING LLC

Defendant Seneca Mortgage Servicing LLC ("Seneca") by and through its counsel, Sandelands Eyet LLP, for its Answer to the Complaint filed by plaintiff Laura Tuminello ("Plaintiff"), states as follows:

  1.  The allegations contained in Paragraph 1 constitute conclusions of law and statements impertinent to Seneca and therefore no response is required. To the extent a response may be required, Seneca denies same.

  2.  Seneca denies the allegations contained in Paragraph 2 as they relate to Seneca. Seneca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

  3.  Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Seneca admits that Plaintiff is an individual. Seneca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5. Seneca admits that defendant Ocwen Loan Servicing, LLC is a mortgage servicer. Seneca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained Paragraph 5 of the Complaint.

6. Seneca admits that it is a mortgage servicer based in Elma, New York. Seneca states that Seneca Mortgage Investments LP purchased AMS Servicing, LLC (improperly identified as "AMS S Servicing, Inc.") in or about 2014.

7. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint. To the extent the statements contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

8. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint. To the extent the statements contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

9. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint. To the extent the statements contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

10. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint. To the extent the statements

contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

11. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 11 of the Complaint. To the extent the statements contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

12. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint. To the extent the statements contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

13. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. To the extent the statements contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

14. Seneca admits that Dente and Lisi were charged with violations of law. Seneca is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint. To the extent the statements contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

15. Seneca denies the allegations contained in Paragraph 15 of the Complaint.

16. Seneca denies the allegations contained in Paragraph 16 of the Complaint.

17. Seneca denies the allegations contained in Paragraph 17 of the Complaint.

18. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. To the extent the statements contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

19. Seneca denies allegations contained in Paragraph 19 of the Complaint.

## FIRST CAUSE OF ACTION

20. Seneca repeats and re-alleges its responses to the foregoing paragraphs by reference as if fully set forth herein.

21. The allegations contained in Paragraph 21 constitute conclusions of law as to which no response is required. To the extent an answer may be required, Seneca lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, neither admits nor denies same but leaves Plaintiff to her proofs.

22. Seneca lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, therefore, neither admits nor denies same but leaves Plaintiff to her proofs.

23. The allegations contained in Paragraph 23 constitute conclusions of law as to which no response is required. To the extent an answer may be required, Seneca lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and, therefore, neither admits nor denies same but leaves Plaintiff to her proofs.

24. The allegations contained in Paragraph 24 constitute conclusions of law as to which no response is required. To the extent an answer may be required, Seneca lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and, therefore, neither admits nor denies same but leaves Plaintiff to her proofs.

25. The allegations contained in Paragraph 25 constitute conclusions of law as to which no response is required. To the extent an answer may be required, Seneca lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, therefore, neither admits nor denies same but leaves Plaintiff to her proofs.

26. The allegations contained in Paragraph 26 constitute conclusions of law as to which no response is required. To the extent an answer may be required, Seneca lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, neither admits nor denies same but leaves Plaintiff to her proofs.

27. The allegations contained in Paragraph 27 constitute conclusions of law as to which no response is required. To the extent an answer may be required, Seneca lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, neither admits nor denies same but leaves Plaintiff to her proofs. .

28. Seneca denies the allegations contained in Paragraph 28.

29. Seneca denies the allegations contained in Paragraph 29.

30. Seneca lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, neither admits nor denies same but leaves Plaintiff to her proofs. To the extent the statements contained in this paragraph allege or imply any wrongdoing on the part of Seneca, said allegations are denied, and Plaintiff is left to her proofs on all issues.

31. Seneca denies the allegations contained in Paragraph 31.

## SECOND CAUSE OF ACTION

32. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Seneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

**WHEREFORE**, Seneca demands judgment in its favor (a) dismissing the Complaint in its entirety, and with prejudice; (b) awarding Seneca its attorneys' fees and costs of suit; and (c) for such other relief as the court may deem just, proper and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, as it is barred by the doctrine of unclean hands and/or by Plaintiff's inequitable conduct toward Seneca.

### THIRD AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred by the doctrine of unjust enrichment.

### FOURTH AFFIRMATIVE DEFENSE

Seneca did not breach any duty or obligation it may have owed to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because Plaintiff has incurred no actual damages as a result of Seneca's actions and/or omissions as pleaded in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because any damages which Plaintiff may have incurred, which are denied, were the direct and proximate result of the conduct of Plaintiff, her/their agents and employees, and/or by third-parties over whom Seneca had no control.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, is precluded by the doctrines of laches, waiver, ratification and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint lacks any reasonable basis in law or fact. Accordingly, upon the dismissal thereof, Seneca is entitled to all of their attorneys' fees and costs of suit, pursuant to Fed. R. Civ. P. 11.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of *res judicata*, collateral estoppel and/or equitable estoppel.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by the failure of Plaintiff to mitigate the alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Any damages sought by Plaintiff must be mitigated and/or reduced by the percentage of negligence, breach of contract and/or other misconduct, if any, attributable to Plaintiff or other parties.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy the applicable requirements and/or prerequisites of the statutes under which they claim relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is dismissible on the ground that it does not set forth the claims made against Seneca with sufficient particularity to enable Seneca to determine the exact nature of the claims or what defenses may apply in response to such claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

Seneca has complied with the Fair Credit Reporting Act in its reporting and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681 in order to recover punitive or statutory damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## RESERVATION OF RIGHTS

Seneca reserves the right to assert additional Affirmative Defenses and/or otherwise supplement or amend this pleading based upon the discovery of additional facts through continuing and ongoing investigation and discovery.

## DENIAL OF ALL CROSSCLAIMS

Seneca hereby denies all cross claims which have been and/or will be asserted against it in this Action.

Respectfully submitted,

**SANDELANDS EYET LLP**
*Attorneys for Defendant Seneca Mortgage LLC*

Dated: September 12, 2016   By:   /s/ William C. Sandelands
William C. Sandelands, Esq.
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
wsandelands@se-llp.com
908-470-1200